OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

RECEIVED

120 North Henry Street, Room 320 ● P.O. Box 432 ● Madison, WI 53701-0432 ● 608-264-5156

May 11, 2007

07 MAY 15 PM 5: 13

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN MEMPHIS

Clerk, U.S. District Court
Room 242, Federal Building
167 North Main Street
Memphis, TN 38103

Re: Nazeeh Younis v. Pinnacle Airlines, Inc.
WIWD Case No. 06-C-763-C

Dear Clerk:

Enclosed please find the original record in the above-entitled matter, along with a certified copy of the docket sheet and the order remanding this case to your court.

Please acknowledge receipt of this record by returning a file stamped copy of this letter in the enclosed postage paid envelope.

If you have any questions in this regard, please do not hesitate to contact us.

Sincerely,
THERESA M. OWENS, Clerk of Court

Erica L. Clark, Deputy Clerk

Enclosures
cc: Mark A. Ringsmuth
    W. Chris Harrison

| DIST | OFF | DOCKET YR. NMBR | ORIG. | FILE DATE | J | NATURE OF SUIT | RULE 23 | DEMAND $1,000s | JUDGE | MAGISTRATE | COUNTY | JURY DEMAND? |
|------|-----|-----------------|-------|-----------|---|----------------|---------|----------------|-------|------------|--------|--------------|
| 0758 | 3 | 06 0763 | 1 | 12/28/2006 | 3 | 442 | No | | 5804 | 58BC | 55025 | Yes |

**CAUSE:** CIVIL RIGHTS; Employment

### PLAINTIFF

YOUNIS, NAZEEH

### DEFENDANT

PINNACLE AIRLINES, INC.

### COUNSEL FOR PLAINTIFF

MARK A. RINGSMUTH
APLIN & RINGSMUTH, LLC
51 NORTH MAIN ST.
DEERFIELD, WI 53531
(608) 764-2907
*for:* YOUNIS, NAZEEH

### COUNSEL FOR DEFENDANT

W. CHRIS HARRISON
1689 NONCONNAH BLVD.
SUITE 111
MEMPHIS, TN 38132

*for:* PINNACLE AIRLINES, INC.

A TRUE COPY, Certified
**MAY 1 1 2007**

Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By_____
Deputy Clerk

UNITED STATES DISTRICT COURT DOCKET

(REV. 3/89)

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 12/28/2006 |  | NORTC - FEE PAID |
| 12/28/2006 | 001 | JS-44 |
| 12/28/2006 | 002 | COMPLAINT - SUMMONS ISSUED. |
| 03/05/2007 |  | MAIL AS TO W. CHRIS HARRISON RETURNED UNABLE TO FORWARD. |
| 03/19/2007 | 003 | MOTION BY DEFT. TO DISMISS. |
| 03/19/2007 | 004 | BRIEF IN SUPPORT OF DEFT. MOTION TO DISMISS. |
| 03/19/2007 | 005 | AFFIDAVIT OF MARRY ANN MORROW. |
| 03/19/2007 | 006 | AFFIDAVIT OF W. CHRIS HARRISON. |
| 03/19/2007 | 007 | DISCLOSURE OF CORP. AFFIL. & FINAN. INT. BY DEFT. |
| 03/21/2007 | 008 | PTC ORDER - AMENDMENTS TO PLEADINGS DUE 6/1/07; DISPOSITIVE MOTIONS DUE 10/5/07. (SLC) |
| 04/09/2007 | 009 | BRIEF IN OPPOSITION BY PLTF. TO DEFT. MOTION TO DISMISS. |
| 04/09/2007 | 010 | AFFIDAVIT OF NAZEEH YOUNIS. |
| 04/19/2007 | 011 | BRIEF IN REPLY IN SUPPORT OF DEFT. MOTION TO DISMISS. |
| 04/19/2007 | 012 | AFFIDAVIT OF W. CHRIS HARRISON. |
| 04/19/2007 | 013 | AFFIDAVIT OF DAVID WHITE. |
| 05/10/2007 | 014 | ORDER TRANSFERRING CASE TO WESTERN DISTRICT OF TENNESSEE; DEFT. MOTION TO DISMISS DENIED. |
| 05/11/2007 |  | RECORD SENT TO WESTERN DISTRICT OF TENNESSEE. |

DOCKET # **14**

U.S. DISTRICT COURT
WEST DIST. OF W~~~ ~~ ~~~

MAY 1 0 2007

FILED
THERESA M. OW~~~ ~~ ~~

CASE #

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NAZEEH YOUNIS,

                           Plaintiff,

         v.

PINNACLE AIRLINES, INC.,

                           Defendant.

ORDER

06-C-0763-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil suit for damages arising out of allegedly discriminatory employment practices violative of Title VII, 42 U.S.C. §§ 2000e-1 - 2000e-17, is before the court on defendant Pinnacle Airlines, Inc.'s motion to dismiss for improper venue.  I agree with defendant that venue is not proper in this district but I will transfer the case to the Western District of Tennessee, where venue is proper, rather than dismiss it.

      In his complaint, plaintiff Nazeeh Younis alleges that he was subjected to various acts of employment discrimination while he was training to become a pilot for defendant and later, while working in that capacity.  Most of these acts occurred at defendant's headquarters in Memphis, Tennessee.  None are alleged to have occurred in Wisconsin. Plaintiff filed a complaint with the Equal Employment Opportunities Commission in

A TRUE COPY, Certified
**MAY 1 1 2007**
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By _Erica L Clark_
            Deputy Clerk

1

Copy of this document has been
provided to: _Counsel_

this _10th_ day of _May, 2007_
by _D. Vaca_
    S. Vogel, Secretary to
   Judge Barbara B. Crabb

Memphis.

In a declaration filed in opposition to defendant's motion to dismiss, plaintiff declares that he is a resident of Wisconsin and has been so at all relevant times. In an affidavit, he avers that his wife, parents and parents-in-law reside in Wisconsin and that he keeps his copies of pertinent employment papers in Madison, Wisconsin.

In an affidavit filed by David White, Director of Flight Administration, White avers that most of the witnesses that defendant would call reside in or around Memphis, Tennessee. In another affidavit, Mary Ann Morrow avers that the relevant employment records are maintained in Memphis and that plaintiff would have worked and received training there and would have been based out of Detroit, Michigan.

## OPINION

42 U.S.C. § 2000e-5(f)(3) sets out the venue requirements for employment actions brought under Title VII. Such an action may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

It is evident from the allegations of plaintiff's complaint that the unlawful employment practices about which he complains took place in Memphis, that the relevant

employment records are there and that plaintiff would have worked there and been based out of Detroit. He has not shown that venue would be proper in this district. His retention of certain employment papers in this district is not relevant; it is the official employment records of the defendant that are the focus of § 2000e. Plaintiff suggests that his family lives in this district but he does not say that any family members would be witnesses in his case. It is unlikely that they would be, except perhaps in the damages phase of the case. It is hard to imagine that any of them would have first-hand knowledge of employment actions that allegedly occurred in Memphis.

Plaintiff makes much of the fact that he resides in Wisconsin and commutes on Pinnacle flights to his base in Detroit. Recognizing that his residence is not one of the bases for venue under § 2000e-5, he tries to characterize his use of Pinnacle flights leaving from the Madison airport as proof that this is a district in which he would have worked had it not been for the discrimination. However, he has not shown that he "worked" in Madison. here. Cf. Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265 (D.N.J. 2001) (holding that pilot flying out of JFK airport was not working in New Jersey, where he resided, making venue in New Jersey improper); Matthews v. Trans World Airlines, Inc., 478 F. Supp. 1244 (S.D.N.Y. 1979 (venue proper in New York because it would have been assigned base city for plaintiff, who was flight attendant, and therefore where he "would have worked"). Instead, it appears to be undisputed that he commuted from here. That he used a Pinnacle

3

flight for the commute does not transform it into the start of his work day. I conclude, therefore, that venue is improper in this district.

Defendant argues that dismissal is proper because plaintiff engaged in "blatant forum shopping." Def.'s Br., dkt. #4, at 6. I am not prepared to say that wanting to litigate in the federal court closest to one's residence is "blatant forum shopping" when the plaintiff is an individual suing for the return of his job and the defendant is an airline company. Even if the equities did not lie with plaintiff in this respect, however, I would transfer the case to the Western District of Tennessee in the interest of justice, pursuant to 28 U.S.C. § 1406(a). That district is one in which this action could have been brought; it is the site of pertinent records; and it appears to be the residence of witnesses that the parties will want to call at trial. Therefore, it meets the criteria of § 1406(a).

## ORDER

IT IS ORDERED that defendant Pinnacle Airlines, Inc.'s motion to dismiss this case for improper venue is DENIED; pursuant to 28 U.S.C. § 1406(a), the case is transferred to

4

the United States District Court for the Western District of Tennessee.

Entered this _____ *10th* _____ day of May, 2007.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

5

Document Number: Case Number
013          06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/19/2007 05:00:44 PM CDT

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN (MADISON)

Nazeeh Younis,          )
                       )
Plaintiff,            )
                       )
      vs.          )     Civil Action No. 06-C-0763-C
                       )
Pinnacle Airlines, Inc.,   )
                       )
Defendant.        )

---

## AFFIDAVIT OF DAVID WHITE IN SUPPORT OF DEFENDANT, PINNACLE AIRLINES, INC.'S REPLY BRIEF

BEING FIRST DULY SWORN, the Affiant, David White, does hereby swear or affirm as to the following:

1.    I, David White, am an adult resident citizen of Shelby County, Tennessee.

2.    I am employed as the Director of Flight Administration for Pinnacle Airlines, Inc.

3.    Plaintiff received his upgrade training, recurrent training and simulator training in Memphis, Tennessee throughout his employment with Pinnacle.

4.    Mr. Younis' commute from Madison to Detroit was not work performed for Pinnacle and was not a Company assignment.

5.    All Company assigned trips begin in the pilot's base, which in this case is Detroit, Michigan.

6.     If a Pinnacle pilot lives outside of his/her base, that pilot is personally responsible for arriving at the base in time to begin their scheduled trip.

7.     Pinnacle has pilots that reside as far away as California, Florida and even the United Kingdom, and many of these pilots commute back and forth to their base by using either non-revenue standby passes or their "jumpseat" privileges.

8.     Others have an apartment "crash pad" or share an apartment with other pilots in their base city.

9.     How the pilot chooses to arrive at their base to begin their assignments is their own personal decision and responsibility.

10.    Pinnacle uniformly considers its pilots' "worksite" as their base city.  For example, worker's compensation claims made by pilots are initially filed by Pinnacle in the state of that pilot's base city.

11.    Pilots are also required to check in upon arrival in base and check out at the end of a scheduled trip prior to leaving their base using a Crew Scheduling Terminal to determine if they have been assigned additional flight duties.

12.    The Plaintiff's flights from Madison to Detroit prior to beginning his scheduled trips were made using his personal non-revenue travel privileges.

13.    During these non-revenue commuting flights, Plaintiff would be a regular passenger, and he would not be assigned any duties by the Company.

14.    It is possible that Plaintiff might have occasionally piloted a flight into or out of Madison, Wisconsin during the course of an assigned trip which started in Detroit, Michigan.

2

15.   However, these flights into Wisconsin would be for brief time periods and would have constituted a very small percentage of Plaintiff's flying.

16.   Plaintiff would then have returned to his base in Detroit to conclude his Company assignment and checked out via a Crew Scheduling Terminal.

17.   After the end of his trip, Younis could have stayed in Detroit or returned home to Madison.

18.   The following witnesses are employed by Pinnacle and identified in Younis's Complaint:

a)   Terry Harvell, Pinnacle line check airman (Complaint, par. 10, 20), resident of Shelby County, Tennessee;

b)   Jonathan Harvey, Pinnacle pilot (Complaint, par. 12, 16), resident of Maryland;

c)   Dan Kelly, Pinnacle pilot (Complaint, par 12), resident of Michigan;

d)   Terry Mefford, Pinnacle pilot (Complaint, par. 13), resident of Shelby County, Tennessee;

e)   David Jacobson, Pinnacle pilot (Complaint, par. 15), resident of Shelby County, Tennessee;

f)   Scott Mitchell, Pinnacle pilot (Complaint, par. 19, 20), resident of Minnesota;

g)   Mitchell Methiney, Pinnacle line standards (Complaint, par. 23), resident of Shelby County, Tennessee.

19.   The following **non-company witnesses** were either identified in Plaintiff's Complaint or would likely be called by Pinnacle to testify in this case:

a)   Brad Harris, former Pinnacle training manager, currently employed at Fedex Express in Memphis, Tennessee, *resident of Shelby County,*

3

*Tennessee*, would be expected to testify as to Pinnacle's training department, it policies and procedures;

b)   Tommy Palmer, former Pinnacle line standards manager (referred to in Complaint, par. 11), *resident of Shelby County, Tennessee*;

c)   Steven Hoffman, former Pinnacle human resources manager, *resident of Shelby County, Tennessee*, would be expected to testify as to Pinnacle's policies and procedures for complaining of discrimination, the Company's policies with regard to responding to complaints, and these factors as they relate to Plaintiff;

d)   Ronald H. Patton, Federal Aviation Administration, Aviation Safety Inspector (ASI), Assistant Principal Operations Inspector (APOI), *resident of Shelby County, Tennessee*, witnessed one of the two proficiency check training events that Plaintiff failed which led to his termination, would be expected to testify as to the standard procedures for a proficiency check, the maneuvers performed during the check, his opinion as to the adequacy of Plaintiff's performance, and his opinion as to the adequacy of the performance of the check airman giving the proficiency check to Plaintiff; and,

e)   Warren Travis, Federal Aviation Administration ASI, Assistant Aircrew Program Manager (AAPM), *resident of Shelby County, Tennessee*, witnessed one of the two proficiency check training events that Plaintiff failed which led to his termination, would be expected to testify as to the standard procedures for a proficiency check, the maneuvers performed during the check, his opinion as to the adequacy of Plaintiff's performance, and his opinion as to the adequacy of the performance of the check airman giving the proficiency check to Plaintiff.

FURTHER AFFIANT SAYETH NOT.

/s/ David White
David White

SWORN TO AND SUBSCRIBED BEFORE ME, THIS THE 19th DAY

OF APRIL, 2007.

/s/ Kelly D. Staggs Sandy
My commission expires:          Notary Public
8/22/2010

4

Document Number Case Number
012               06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/19/2007 05:00:44 PM CDT

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN (MADISON)

|  |  |  |
|---|---|---|
| Nazeeh Younis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-C-0763-C |
| | ) | |
| Pinnacle Airlines, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF W. CHRIS HARRISON IN SUPPORT OF DEFENDANT, PINNACLE AIRLINES, INC.'S MOTION TO DISMISS

BEING FIRST DULY SWORN, the Affiant, W. Chris Harrison, does hereby swear or affirm as to the following:

I, W. Chris Harrison, being first duly sworn on oath, state and depose as follows:

1.      I am W. Chris Harrison. I am over eighteen (18) years of age and am fully competent to make this Affidavit statement, which I submit in support of Defendant's Motion to Dismiss.

2.      Attached as Exhibit B is a true and correct copy of the opinion in *Balunsat v. Stugart*, 1990 WL 91060 (D.D.C. 1990).

3.      Attached as Exhibit C is a true and correct copy of the opinion in *Harris v. Parsons Brinckerhoff Quade & Douglas, Inc.*, 2006 WL 1892399 (D.Md. 2006).

4.      Attached as Exhibit D is a true and correct copy of the opinion in *Johnson v. Potter*, 2007 WL 1118403 (N.D. Ill. 2007).

5.      Attached as Exhibit E is a true and correct copy of the opinion in *Cox v. National Football League*, 1997 WL 619839 (N.D.Ill. 1997).

FURTHER AFFIANT SAYETH NOT.

_____
W. Chris Harrison

    SWORN TO AND SUBSCRIBED BEFORE ME, THIS THE 19th DAY OF APRIL, 2007.

My commission expires: 8/22/20

2

Document Number Case Number
012            06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/19/2007 05:00:44 PM CDT

## Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 91060 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

**C**
Balunsat v. Stugart
D.D.C.,1990.
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Alexis P. BALUNSAT, Plaintiff,
v.
Harold STUGART, Auditor General, U.S. Army
Audit Agency, et al., Defendants.
Alexis P. BALUNSAT, Plaintiff,
v.
John O. MARSH, Secretary of the Army, et al., De-
fendants.
**CIV.A. Nos. 89-3484(RCL), 90-0180(RCL).**

June 20, 1990.

*ORDER*
LAMBERTH, District Judge.
*1 These two consolidated cases come before the
court on defendants' motions to dismiss for improper
venue, or alternatively, to transfer. Opposition and
reply memoranda have been filed.

The court agrees with defendants that these actions
cannot be maintained in this district because of the
special venue provisions of Title VII, 42 U.S.C. §
2000e-5(f)(3). None of plaintiff's supervisors were
located in this district, and none of the alleged unlaw-
ful employment practices occurred here. Plaintiff's
employment records are not maintained here. While
plaintiff may, upon occasion, have had temporary
auditing assignments within this district, it appears
that he was never assigned to any facility in this dis-
trict nor were any of his supervisors here, and this is
not a district where plaintiff would have worked but
for the alleged discrimination. Finally, the defend-
ants' principal office is at the Pentagon, in the Eastern
District of Virginia. Accordingly, plaintiff has filed
these actions in an improper venue and the com-
plaints must be dismissed pursuant to Federal Rule of
Civil Procedure Rule 12(b)(3).

These cases now stand DISMISSED WITHOUT
PREJUDICE to filing in the District of Maryland or
the Eastern District of Virginia, at plaintiff's option.

SO ORDERED.

D.D.C.,1990.
Balunsat v. Stugart
Not Reported in F.Supp., 1990 WL 91060 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Document Number Case Number
012          06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/19/2007 05:00:44 PM CDT

## Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1892399 (D.Md.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**

Harris v. Parsons Brinckerhoff Quade & Douglas,
Inc.
D.Md.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Maryland.
Marvin P. HARRIS
v.
PARSONS BRINCKERHOFF QUADE &
DOUGLAS, INC., et al.
**Civil No. JFM-05-3355.**

June 28, 2006.

Jonathan L. Gould, Kestell and Associates, Washington, DC, for Plaintiff.
Todd James Horn, Venable LLP, Baltimore, MD,
Robert Bruce Wallace, Anastasios P. Tonorezos,
Wilson Elser Moskowitz Edelman and Dicker LLP,
Washington, DC, for Defendants.

ORDER

J. FREDERICK MOTZ, District Judge.
*1 For the reasons stated in the accompanying
memorandum, it is, this 28th day of June 2006

ORDERED that

1) Defendant URS Corp.'s motion to dismiss or to
transfer is treated as one to transfer and, as such, is
granted; and

2) This entire action is transferred to the U.S. District
Court for the Eastern District of Virginia pursuant to
28 U.S.C. §§ 1404(a), 1406(a).

MEMORANDUM

URS Corp. ("URS") has filed a motion under
Fed.R.Civ.P. 12(b)(3) seeking dismissal for improper
venue or, in the alternative, severance of the claims
against it and transfer to the U.S. District Court for
the Eastern District of Virginia. *See* 28 U.S.C. §
1406(a). I will grant the motion insofar as it seeks
transfer. Additionally, in the interests of justice and
judicial economy, I will exercise my discretion under
28 U.S.C. § 1404(a) and also transfer the claims

against Parsons Brinckerhoff Quade & Douglas, Inc.
("Parsons"). In making these rulings, I will dispense
with a recitation of the facts and instead focus my
discussion solely on the parties' legal arguments.

I

Harris has asserted a Title VII claim against URS,
and under Title VII a plaintiff's choice of forum is
limited to three locations: (1) any judicial district in
the state in which the unlawful employment practice
is alleged to have occurred; (2) the judicial district in
which the relevant employment records are maintained and administered; or (3) the judicial district in
which the plaintiff would have worked but for the alleged unlawful employment practice. 42 U.S.C. §
2000e-5(f)(3). Conceding that venue is proper only in
the Eastern District of Virginia under the first two options, Harris focuses his opposition on the third option. *(See* Harris Opp. Br. at 14-15). Specifically, he
argues that absent the alleged discriminatory employment practices he would have returned to work in
Maryland because (1) though he was stationed in Alexandria, Virginia, he often traveled to Maryland to
perform work-related tasks, *(id.* at 11); and (2) Parsons would have assigned him to a new project in
Baltimore which was the result of another joint venture between Parsons and URS, *(id.* at 12). Neither
argument is meritorious.

As for Harris' first argument, he cites no case law in
support of the proposition that venue is appropriate in
any district to which the plaintiff was or would be required to travel for work.[FN1] Absent such authority,
I see no reason to construe the venue provision in this
manner. Harris' interpretation would radically expand
the venues available to employees pursuing a Title
VII claim. For instance, a consultant based out of
Connecticut who travels regularly to Washington,
D.C., New York City, Boston, and Philadelphia
would be able to bring suit in any of these five jurisdictions. An interpretation that limits venue to the
district in which the employee would have been
primarily stationed is therefore far more reasonable.
In this case that location is Alexandria. *(See* Memorandum from Marvin P. Harris to John N. Rever (Apr.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1892399 (D.Md.)
(Cite as: Not Reported in F.Supp.2d)

30, 1998), Exhibit B to First Amended Complaint (accepting position as Document Control Coordinator for the Woodrow Wilson Bridge Project and acknowledging that he would be commuting to the Project's office in Alexandria, Virginia)).

> FN1. The cases that Harris does cite addressed situations in which it was not entirely certain where the employee would have been *stationed*. (Harris Opp. Br. at 12 (citing, for example, *Johnson v. Washington Gas Light Co.*, 89 F.Supp.2d 45, 47 (D.D.C.2000) (holding that venue for a Title VII claim was appropriate in Washington, D.C. when the record demonstrated that it was likely plaintiff would have been assigned to an office in the city))). None of the plaintiffs argued that venue was appropriate in jurisdictions to which they might have *traveled* in connection with their jobs.

*2 Turning next to Harris' second argument, the problem with his analysis is that he conflates Parsons with URS. Unlike Parsons, URS' relationship with Harris ended when he was terminated from the Woodrow Wilson Bridge Project. Neither the complaint nor Harris' affidavit establishes that URS had any input into or influence over Parsons' decision whether to retain Harris to work on the new project. (Harris Opp. Br. at 9-10; URS Reply Br. at 4). Thus, because URS's alleged unlawful behavior occurred in relation to Harris' job in Alexandria only, but for that behavior Harris would have returned to work in Alexandria, not Baltimore.

II

URS does not contest that the District of Maryland is an appropriate venue for the other claims Harris asserts. That raises the question of whether I should exercise "pendent venue" and decline to sever and transfer the claims against it. "This doctrine is an exception to the general rule that venue must be established for each claim in a complaint." *McNeill v. James*, 2004 U.S. Dist. LEXIS 22804, at *4-5 (D.Md. Nov. 9, 2004). It "allows proper venue as to one claim to support both claims if there are two or more claims that amount to a single cause of action with

two grounds for relief." *Id.* at *5 (citing *Lengacher v. Reno*, 75 F.Supp.2d 515, 518 (E.D.Va.1999)). The Fourth Circuit has yet to address this issue, but other courts have established two general approaches. *Id.* "Some have held that the more specific venue provision controls." *Id.* (citing *Lengacher*, 75 F.Supp.2d at 519 (citing *Trujillo v. Total Bus. Sys., Inc.*, 704 F.Supp. 1031, 1032 (D.Colo.1989))). In contrast, other courts deem the appropriate venue to be that of the "primary" claim. *Id.* (citing *Lengacher*, 75 F.Supp.2d at 519 (citing *Hayes v. RCA Serv. Co.*, 546 F.Supp. 661, 664 (D.D.C.1982))).

Here, pendent venue is inappropriate under both approaches. *See id* at *5-6. Title VII contains the more specific venue provision, and as discussed above, it dictates that venue is proper in the Eastern District of Virginia. Moreover, Harris expressly refuses to single out one claim as "primary" to the others. (Harris Opp. Br. at 11 (stating that the Title VII claims "are at least co-equal with his other claims")). Accordingly, the claims against URS will be transferred to the Eastern District of Virginia. *See* 28 U.S.C. § 1406(a).

III

Given that half of this action cannot be prosecuted here, both the interests of justice and judicial economy militate in favor of the exercise of my discretion to also transfer the claims against Parsons to the Eastern District of Virginia. *See* 28 U.S.C. § 1404(a). In reaching this conclusion I am guided by the standard factors courts consider when facing a motion to transfer under § 1404(a): "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D.Md.2002) (citations omitted). Of primary importance in this calculus is Harris' request that in the event I decided to transfer the claims against URS, that I transfer the entire action so that he would not have to expend double the resources and time to litigate the same underlying issues in two different courts. (Harris Opp. Br. at 16; *see also id.* at 15). This request causes the first, third, and fourth factors to weigh in favor of transfer, despite Parsons' opposition. The second factor also weighs in favor of transfer, as the over-

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1892399 (D.Md.)
**(Cite as: Not Reported in F.Supp.2d)**

whelming majority of relevant documents and wit-
nesses are located in Northern Virginia.

**\*3** For these reasons, this action will be transferred to
the U.S. District Court for the Eastern District of Vir-
ginia. An implementing order is attached.

D.Md.,2006.
Harris v. Parsons Brinckerhoff Quade & Douglas,
Inc.
Not Reported in F.Supp.2d, 2006 WL 1892399
(D.Md.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

Slip Copy
Slip Copy, 2007 WL 1118403 (N.D.Ill.)
**(Cite as: Slip Copy)**

Document Number Case Number
012 _____ 06-C-0763-C ____ ___.
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/19/2007 05:00:44 PM CDT

Johnson v. Potter
N.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Kenneth L. JOHNSON, Plaintiff,
v.
John E. POTTER, Postmaster General of the United States, Defendant.
**No. 06 C 5264.**

April 13, 2007.

Kenneth L. Johnson, Chicago, IL, pro se.
AUSA, Donald R. Lorenzen, United States Attorney's Office, Chicago, IL, for Defendant.

### *MEMORANDUM OPINION*
SAMUEL DER-YEGHIAYAN, District Judge.
**\*1** This matter is before the court on Defendant's motion to transfer and motion to dismiss. For the reasons stated below, we grant the motion to transfer and deny the motion to dismiss.

### BACKGROUND

Plaintiff Kenneth L. Johnson ("Johnson") contends that he was employed by the United States Postal Service ("USPS") from 1985 until he resigned on July 31, 2003. Johnson also alleges that he was rehired by the USPS as a letter carrier in October 2004 and that his employment was subject to a ninety-day probationary period. Johnson claims that the USPS terminated his employment on January 26, 2005, prior to the expiration of his probationary period, on the basis of his race. Johnson brought the instant action against Defendant John E. Potter, Postmaster General of the United States, and includes a claim alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and a claim alleging violation of 42 U.S.C. § 1981. Defendant moves to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)") and also to transfer **venue** pursuant to 28 U.S.C. § 1406(a).

### LEGAL STANDARD

Rule 12(b)(3) provides that a party may move to dismiss an action when the action is not filed in a proper **venue**. Fed.R.Civ.P. 12(b)(3). If a court determines that it is not the proper **venue** for the action the court is required to dismiss the action or "if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir.1999) (stating that a sufficient reason to transfer a case to the proper **venue** rather than dismissing the case is that the plaintiff will be time-barred from filing a new claim in the other **venue**).

### DISCUSSION

Defendant argues that the United States District Court for the Northern District of Illinois is not a proper **venue** for the instant action and that this case should either be dismissed or transferred to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a).

#### I. Propriety of Venue in the Northern District of Illinois Under Title VII

Defendant argues that **venue** in the Northern District of Illinois is not proper. In all actions brought pursuant to Title VII, **venue** is determined pursuant to the statute's **venue** provision. 42 U.S.C. § 2000e-5(f)(3). Pursuant to the Title VII **venue** provision:
Such an action may be brought [1] in any judicial district in the State in which the unlawful **employment** practice is alleged to have been committed, [2] in the judicial district in which the **employment records** relevant to such practice are **maintained** and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful **employment** practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

**\*2** 42 U.S.C. § 2000e-5(f)(3).

Defendant argues that each of the **venue** provisions

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 1118403 (N.D.Ill.)
**(Cite as: Slip Copy)**

of 42 U.S.C. § 2000e-5 point to the proper **venue** as the Southern District of Indiana. Johnson was given until February 21, 2007, to file an answer to Defendant's motions and Johnson has not filed an answer to either the motion to dismiss or motion to transfer. Thus, Johnson has not opposed any of Defendant's arguments. In the instant action, Johnson's allegations against the USPS center on his **employment** with the USPS in Indianapolis, Indiana. Johnson alleges that he was formerly **employed** by the USPS in Indianapolis, Indiana. (Compl.Par. 4). In addition, Johnson alleges that he was terminated from his position at the USPS while he was **employed** by the USPS in Indianapolis, Indiana, (Compl.Par. 4, 13), and the facts indicate that, but for the termination of his **employment**, Johnson would have continued to work for the USPS in Indianapolis, Indiana. (D.Ex. 1). Finally, Johnson's official **employment records**, labor relations **records**, and EEOC files are housed in the Human Resources Department in Indiana. Therefore, pursuant to 42 U.S.C. § **2000e-5(f)(3)**, the proper **venue** for Johnson's **Title VII** claim is in the Southern District of Indiana.

### II. Transfer of **Venue** Pursuant to 28 U.S.C. 1406(a)

Although the instant action may be dismissed pursuant to 42 U.S.C. § **2000e-5(f)(3)**, Defendant also argues that this court should exercise its discretion and transfer the case to the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a). We agree. Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying **venue** in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). We note once again that Johnson has not filed an answer to either the motion to dismiss or to the motion to transfer and, as such, Johnson has not opposed any of Defendant's arguments. Johnson apparently currently resides in Chicago, IL, but the allegations in Johnson's own complaint indicate that all of the alleged wrongful conduct occurred in the Southern District of Indiana. (Compl.Par. 2, 4, 13). In addition, as stated above, the proper **venue** pursuant to 42 U.S.C. § **2000e-5(f) (3)** is in the Southern District of Indiana. Further, the witnesses and personnel **records** are located in the Southern

District of Indiana. Johnson has not provided any reason why it would be particularly difficult for him to pursue his claims in the Southern District of Indiana. The public interest is also served by transferring the action to the Southern District of Indiana. It is not in the best interest of the public for the USPS employees to be drawn away from their duties to another location. Also, Defendant concedes through his memorandum that this court could transfer the instant action to the Southern District of Indiana, where the case can be properly litigated, rather than dismiss the action pursuant to Rule 12(b)(3). As such, we find that a transfer to the Southern District of Indiana will promote the efficient administration of justice. Johnson has not filed an answer to the motion to transfer and, as such, has offered no protest to the motion to transfer nor has he offered any reason why it would be an inconvenience for him to pursue his claim in the Southern District of Indiana. Based on the reasons stated above, we grant Defendant's motion to transfer and deny Defendant's motion to dismiss.

### CONCLUSION

*3 Therefore, we grant Defendant's motion to transfer this case to the United States District Court for the Southern District of Indiana, Indianapolis Division, and deny Defendant's motion to dismiss. All other pending motions are denied as moot.

N.D.Ill.,2007.
Johnson v. Potter
Slip Copy, 2007 WL 1118403 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1997 WL 619839 (N.D.Ill.), 75 Fair Empl.Prac.Cas. (BNA) 553

**(Cite as: Not Reported in F.Supp.)**

Document Number Case Number
012                    06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/19/2007 05:00:44 PM CDT

**H**

Cox v. National Football League

N.D.Ill.,1997.

United States District Court, N.D. Illinois.
Bryan COX, Plaintiff,
v.
NATIONAL FOOTBALL LEAGUE and Paul
Tagliabue, Defendants.
**No. 97 C 3741.**

Sept. 29, 1997.

**MEMORANDUM OPINION AND ORDER**

PLUNKETT, J.

*1 Bryan Cox ("Cox") has sued his employer, the National Football League ("the NFL") and its Commissioner, Paul Tagliabue ("Tagliabue"), for retaliatory employment discrimination. The NFL and Tagliabue have moved to dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(3) or, in the alternative, to transfer venue under 28 U.S.C. § 1406(a). For the reasons set forth below, we deny the motion to dismiss and the motion to transfer venue.

### *Facts*

Cox, a football player, is employed by the Chicago Bears Club of the NFL. Together, the Chicago Bears and the NFL, as joint employers, exercise control over Cox's compensation, as well as the terms, conditions, and privileges of Cox's employment.

On July 26, 1994, Cox filed a suit against the NFL and Tagliabue in the United States District Court for the Southern District of New York alleging that the NFL and Tagliabue breached their affirmative duty under Title VII of the Civil Rights Act to maintain a working environment free from racial harassment, intimidation, or insult. Cox sought injunctive relief that would require the NFL and Tagliabue to adopt policies mandating member clubs to eject fans who engage in racially offensive conduct.

Since Cox's filing of the Title VII claim in New York, the defendants have engaged in adverse action

against Cox. On October 10, 1996, the NFL and Tagliabue imposed a fine against Cox for alleged misconduct in an amount of one game check, or a sum in excess of $80,000.00. After Tagliabue notified the Chicago Bears of the fine, the management of the Chicago Bears then forwarded Cox's game check to the NFL instead of paying Cox.

Typically, the NFL and Tagliabue have not imposed any fine on employees who engage in similar conduct. On one occasion, the NFL and Tagliabue imposed a $500.00 fine for conduct similar to the conduct in which Cox allegedly engaged.

Cox filed a charge against the defendants with the Equal Employment Opportunity Commission ("EEOC"). The EEOC sent Cox a notice of the right to sue dated February 26, 1997. Thus, Cox has exhausted his administrative remedies.

On September 5, 1997, Cox filed this suit against the NFL and Tagliabue for employment discrimination based on retaliation that was triggered by his bringing the Title VII action against the NFL and Tagliabue in New York.

### *Discussion*

The NFL and Tagliabue argue that Cox's complaint should be dismissed for improper venue pursuant to Rule 12(b)(3). In the alternative, they urge the court to transfer the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

On a motion to dismiss for improper venue under Rule 12(b)(3), a court takes all allegations in the complaint as true, unless contradicted by the defendant's affidavits. *Zughni v. Pena,* 851 F.Supp. 300, 302 (N.D.Ill.1994). A court may examine facts outside the complaint in order to determine whether venue is proper. *Karlberg European Tanspa, Inc. v. JK-Josef Kratz Vertriebsgesellschaft MbH,* 699 F.Supp. 669, 770 (N.D.Ill.1988). In ruling on a motion to dismiss under Rule 12(b)(3), the court must resolve the factual conflicts in the parties' submissions in favor of the plaintiff and draw any reasonable inferences from

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 619839 (N.D.Ill.), 75 Fair Empl.Prac.Cas. (BNA) 553
**(Cite as: Not Reported in F.Supp.)**

Page 2

those facts in the plaintiff's favor. *National Hydro Systems v. Summit Constructors, Inc.,* 731 F.Supp. 264, 265 (N.D.Ill.1989) (citing *J. Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.,* 821 F.2d 399, 402 (7th Cir.1987) and *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1215 (7th Cir.1984)).

**\*2** Title VII of the Civil Rights Act of 1964 has its own venue provision. 42 U.S.C. § 2000e-5(f)(3). Courts have held that this provision is the exclusive venue provision for Title VII actions. *Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586, 587-88 (9th Cir.1991); *Cooley v. Levi Strauss & Co.,* No. 95 C 5025, 1995 WL 683494, at \*1 (N.D.Ill. Nov.5, 1995).

Thus, proper venue for this cause of action is governed by 42 U.S .C. § 2000e-5(f)(3), which provides four possible forums in which an action under Title VII may be brought: (1) "any district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "the judicial district in which the employment records relevant to such practice are maintained and administered"; (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice"; and (4) "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). A plaintiff need satisfy only one of the Title VII venue provisions for the court to exercise jurisdiction. *See, e.g., McDonald v. American Fed'n of Musicians,* 308 F.Supp. 664, 669-70 (N.D.Ill.1970).

The NFL and Tagliabue opine that because Tagliabue's decision was made in New York to impose an $80,000 fine on Cox, Illinois is not the state in which the unlawful employment practice is alleged to have been committed. The defendants contend that the Chicago Bears management's act of forwarding Cox's game check to the NFL was merely an effect of the unlawful employment practice of Tagliabue's decision to impose the fine. We disagree.

In determining where the unlawful practice is alleged to have happened, a court "must look to the place

where the decisions and actions concerning the employment practices occurred." *Hayes v. RCA Serv. Co.,* 546 F.Supp. 661, 664 (D.D.C.1982). In this case, although the decision to impose a fine on Cox was made by Tagliabue in New York, the acts of imposing the fine and paying the fine by mailing Cox's game check to the NFL was performed by the management of the Chicago Bears in Illinois.

In an analogous case, *McDonald v. American Federation of Musicians,* 308 F.Supp. 664, 669-70 (N.D.Ill.1970), members of a local musicians union in Chicago sued the international union because it imposed a fee on local members in violation of Title VII and the defendants argued that venue was improper because the decision to impose the fee was made in Florida, not Illinois. The *McDonald* court held that the defendants' contention was without merit. *Id.* at 670.

The plaintiffs live and work in this district and were required to repay the fees here. The fact that the decision that required them to do so was made elsewhere does not necessitate the conclusion that no alleged act of discrimination occurred in this district. It taxes common sense to suggest otherwise.

**\*3** *Id.*

As in *McDonald,* this court finds that the defendants' argument is without merit. First, we find the defendants' formalistic decision-versus-effect dichotomy unpersuasive. As stated above, a court looks to where the decision *and actions concerning the employment practices* occurred. The Chicago Bears Club of the NFL imposed the fine on Cox in Illinois by mailing his game check to New York. Cox lives and works in this Illinois and, thus, was required to pay the fine here. To hold otherwise would encourage employers to make their decisions to terminate and discipline in far away offices in order to protect themselves from litigation.

Thus, Cox has satisfied one of Title VII's venue provisions and this court may properly exercise its jurisdiction. Because venue is proper in Illinois under 42 U.S.C. § 2000e-5(f)(3), a transfer is not available under 28 U.S.C. § 1406(a).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 619839 (N.D.Ill.), 75 Fair Empl.Prac.Cas. (BNA) 553
**(Cite as: Not Reported in F.Supp.)**

### *Conclusion*

For the forgoing reasons, we deny the National Football League and Tagliabue's motion to dismiss the complaint and motion to transfer venue.

N.D.Ill.,1997.
Cox v. National Football League
Not Reported in F.Supp., 1997 WL 619839 (N.D.Ill.), 75 Fair Empl.Prac.Cas. (BNA) 553

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Document Number Case Number
011          06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/19/2007 05:00:44 PM CDT

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN (MADISON)

| | | |
|---|---|---|
| Nazeeh Younis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-C-0763-C |
| | ) | |
| Pinnacle Airlines, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY BRIEF TO PLAINTIFF'S RESPONSE
## TO MOTION TO DISMISS FOR IMPROPER VENUE

COMES NOW Defendant, Pinnacle Airlines, Inc. (hereinafter "Pinnacle" or the "Company"), by and through its counsel, and hereby files its Reply Brief to Plaintiff's Response to Motion to Dismiss for Improper Venue, and in support of thereof would show to the Court as follows:

### RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Pinnacle agrees that Plaintiff (hereinafter "Younis" or "Plaintiff") received his initial training over approximately three months in Memphis, Tennessee, and that Younis was based in Pinnacle's hub in Detroit, Michigan. Plaintiff additionally received his captain upgrade training, recurrent training and simulator training in Memphis, Tennessee throughout his employment with Pinnacle. (Aff. of David White, par. 3).

Although Pinnacle was aware that Mr. Younis lived in Madison, Wisconsin, this fact is irrelevant to venue analysis under 42 U.S.C. §2000e-f(3). As Younis cannot satisfy any of the prongs of venue analysis under §2000e-f(3), this matter should be dismissed.  As an alternative to dismissal, if the Court believes that the interests of justice require, the matter should be transferred to the Western District of Tennessee, Western Division in Memphis, Tennessee pursuant to 28 U.S.C. § 1406(a).

Younis alleges in his Response Brief that his "typical work day" would begin with him traveling by plane from Madison, Wisconsin to his base in Detroit, Michigan.  However, his commute from Madison to Detroit was not work performed for Pinnacle and was **NOT** a Company assignment.  (Aff. of David White, par. 4).  Much like a person who commutes every day to work from their suburban home in New Jersey to their job in a New York high rise, a pilot's scheduled flight duties **do not include a commute to their base city**.

All Company assigned trips begin in the pilot's base, which in this case is Detroit, Michigan.  (Aff. of David White, par. 5).  If a Pinnacle pilot lives outside of his/her base, that pilot is personally responsible for arriving at the base in time to begin their scheduled trip.  (Aff. of David White, par. 6).  Pinnacle has pilots that reside as far away as California, Florida and even the United Kingdom, and many of these pilots commute back and forth to their base by using either non-revenue standby passes or their "jumpseat" privileges.  (Aff. of David White, par. 7).  Others have an apartment "crash pad" or share an apartment with other pilots

2

in their base city. (Aff. of David White, par. 8). How the pilot chooses to arrive at their base to begin their assignments is their own personal decision and responsibility. (Aff. of David White, par. 9).

Pinnacle uniformly considers its pilots' "worksite" as their base city. For example, worker's compensation claims made by pilots are initially filed by Pinnacle in the state of that pilot's base. (Aff. of David White, par. 10). Pilots are also required to check in via a Crew Scheduling Terminal[1] upon arrival in base and then check out via the Crew Scheduling Terminal in their base at the end of a scheduled trip to determine if their schedule has been modified or if they have been assigned additional flight duties. (Aff. of David White, par. 11). The Collective Bargaining Agreement ("CBA") between Pinnacle and the Air Line Pilots Association (of which Plaintiff was a member), makes specific provision for commuting pilots in Section 25.G.4, sections b and c, which provides:

b.    The Association [ALPA] will appoint a four-member Commuting Oversight Committee. The Company will report to the Commuting Oversight Committee the names of pilots who have failed to appear for flight duty due to an inability to commute on more than two (2) occasions in the preceding twelve (12) months. The Commuting Oversight Committee will intercede with such pilots.

c.    A pilot who fails to appear for scheduled duty whether or not he calls in will have his guarantee adjusted downward pursuant to Section 4.A.1.[2]

Further, the Company's "Call In Honest Policy," found in its Flight Operations Policies and Procedures Manual, provides:

---

[1] Crew Scheduling Terminals are computers located exclusively in the Company's three base cities in the Pinnacle crew lounge area.
[2] Section 4.A.1 of the CBA provides for a 75 hour per month of guaranteed pay, to be reduced pro-rata if a pilot is unavailable for duty.

3

> The Company recognizes that pilots may not permanently reside at the base to which they are assigned. For these individuals _commuting is a way of life, however good attendance remains a necessary quality in the work place_. When a pilot misses a trip due to _commuting issues_, the Call-In-Honest (CIH) policy provides commuters with limited allowances to avoid discipline. In accordance with the Pilot Agreement Section 25.G.4 (Call-In Honest), the pilot must be present at the airport and available to board at the scheduled departure time of at least two (2) flights on a scheduled air carrier from the airport to the point of departure of the scheduled flight duty, by scheduled report time. (Emphasis added).

Thus, both the Company and the Union recognize that pilots may chose to live in a city other than their base city, and that their commute into work is a personal choice, not a Company assignment. Plaintiff's flights from Madison to Detroit prior to beginning his Company assigned trips were made using his personal non-revenue travel privileges. (Aff. of David White, par. 12). These flights reflect the Plaintiff's personal choice of how to commute to Detroit. Younis could have also chosen to live in Detroit, drive to Detroit or take a train to Detroit. During these non-revenue commuting flights, Plaintiff would be a regular passenger, and he would not be assigned any duties by the Company. (Aff. of David White, par. 13).

Consistent with Plaintiff's Reply Brief, it is possible that Plaintiff might have occasionally piloted a flight into or out of Madison, Wisconsin during the course of an assigned trip which started in Detroit, Michigan. (Aff. of David White, par. 14). However, these flights into Wisconsin would be for brief time periods and would have constituted a very small percentage of Plaintiff's flying. (Aff. of David White, par. 15). Plaintiff would then have returned to his base in

4

Detroit to conclude his Company assignment and checked out via a Crew

Scheduling Terminal. (Aff. of David White, par. 16). After the end of his trip,

Younis could have stayed in Detroit or returned home to Madison. (Aff. of David

White, par. 17).

Plaintiff identifies himself, his wife, his parents, and his mother and father-

in-law as potential witnesses who live in Wisconsin. However, these witnesses

would be duplicative, and Plaintiff has presented no specific evidence that their

testimony would bear on his claim of discrimination, other than a broad assertion

in his Brief that they could testify as to "material facts of his employment with

Pinnacle." These witnesses were also not mentioned in Plaintiff's Complaint.

There has been no evidence presented by Plaintiff that these persons witnessed any

discriminatory action by Pinnacle, either occurring in Wisconsin or elsewhere.

In addition, the existence of a family member/witness in Wisconsin does not

satisfy the venue provisions of Title VII.

Plaintiff also claims that he keeps "copies of pertinent employment papers

at his residence." However, as stated in Pinnacle's previously filed Memorandum

in Support of Motion to Dismiss, all of Plaintiff's official employment and

training records, as well as the Company's policies on discrimination, harassment

and training, are all administered and maintained in Memphis, Tennessee. There

are no employment records of Plaintiff that are administered or maintained by

Pinnacle in the state of Wisconsin. Copies of personal employment records kept

5

by the Plaintiff at his home are not sufficient to establish venue in Wisconsin

under Title VII.

The following witnesses are employed by Pinnacle and were specifically

identified in Younis's Complaint:

a)    Terry Harvell, Pinnacle line check airman (Complaint, par. 10, 20), resident
of Shelby County, Tennessee;

b)    Jonathan Harvey, Pinnacle pilot (Complaint, par. 12, 16), resident of
Maryland;

c)    Dan Kelly, Pinnacle pilot (Complaint, par 12), resident of Michigan;

d)    Terry Mefford, Pinnacle pilot (Complaint, par. 13), resident of Shelby
County, Tennessee;

e)    David Jacobson, Pinnacle pilot (Complaint, par. 15), resident of Shelby
County, Tennessee;

f)    Scott Mitchell, Pinnacle pilot (Complaint, par. 19, 20), resident of
Minnesota;

g)    Mitchell Methiney, Pinnacle line standards (Complaint, par. 23), resident of
Shelby County, Tennessee.

(Aff. of David White, par. 18). Thus, most of the company witnesses identified in

Plaintiff's Complaint are located in Tennessee, and none of them reside in

Wisconsin.

In addition, the following **non-company witnesses** were either identified in

Plaintiff's Complaint or would likely be called by Pinnacle to testify in this case:

a)    Brad Harris, former Pinnacle training manager, currently employed at
Fedex Express in Memphis, Tennessee, *resident of Shelby County,
Tennessee*, would be expected to testify as to Pinnacle's training
department, it policies and procedures;

6

b)   Tommy Palmer, former Pinnacle line standards manager (referred to in Complaint, par. 11), *resident of Shelby County, Tennessee*;

c)   Steven Hoffman, former Pinnacle human resources manager, *resident of Shelby County, Tennessee*, would be expected to testify as to Pinnacle's policies and procedures for complaining of discrimination, the Company's policies with regard to responding to complaints, and these factors as they relate to Plaintiff;

d)   Ronald H. Patton, Federal Aviation Administration, Aviation Safety Inspector (ASI), Assistant Principal Operations Inspector (APOI), *resident of Shelby County, Tennessee*, witnessed one of the two proficiency check training events that Plaintiff failed which led to his termination, would be expected to testify as to the standard procedures for a proficiency check, the maneuvers performed during the check, his opinion as to the adequacy of Plaintiff's performance, and his opinion as to the adequacy of the performance of the check airman giving the proficiency check to Plaintiff; and,

e)   Warren Travis, Federal Aviation Administration ASI, Assistant Aircrew Program Manager (AAPM), *resident of Shelby County, Tennessee*, witnessed one of the two proficiency check training events that Plaintiff failed which led to his termination, would be expected to testify as to the standard procedures for a proficiency check, the maneuvers performed during the check, his opinion as to the adequacy of Plaintiff's performance, and his opinion as to the adequacy of the performance of the check airman giving the proficiency check to Plaintiff.

(Aff. of David White, par. 19). All of these non-employee witnesses are residents of Shelby County, Tennessee, and thus would not be amenable to a witness subpoena and **could not be compelled to travel to Wisconsin to testify**.

## RESPONSE TO PLAINTIFF'S LEGAL ARGUMENT

Plaintiff's counsel stretches the meaning of 42 U.S.C. § 2000e-5(f)(3) beyond its intended scope, arguing that Plaintiff meets the venue requirements because he occasionally flew into Wisconsin, because his termination letter was

mailed to him "at his Madison, Wisconsin address," and because Plaintiff kept a

copy of his employment records "at the Younis home in Madison, Wisconsin."

However, these arguments do not satisfy the venue requirements of Title VII. The

Court should either dismiss the matter without prejudice so that Plaintiff can re-

file in an appropriate district, or transfer the matter to Memphis, Tennessee under

28 U.S.C. § 1406(a) as "the interests of justice" indicate.

**A.      Plaintiff "Would Have Worked" in Memphis or Detroit Under the
          Third Prong of 42 U.S.C. § 2000e-5(f)(3).  Occasional Flights Into
          Wisconsin Do Not Establish Venue in this District.**

Younis claims that he "worked" in Wisconsin and thus satisfies the third

prong of 42 U.S.C. § 2000e-5(f)(3). This issue appears to be one of first

impression in the 7th Circuit. However, in circumstances similar to the case at

hand, other District Courts have unanimously found the third venue prong to be

the employee's ***primary base of operations*** in the case of an employee (like a

flight crewmember) who travels in the course of his employment. *See, e.g. de*

*Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265 (D.N.J. 2001) (finding that an

airline pilot "would have continued to work from JFK" ***where he was based*** under

the third prong of 42 U.S.C. § 2000e-5(f)(3)) (emphasis added); *Balunsat v.*

*Stugart*, 1990 WL 91060 (D.D.C. 1990) (dismissing case without prejudice and

finding that "[w]hile plaintiff may, upon occasion, have had temporary auditing

assignments within this district, it appears that he was never assigned to any

facility in this district nor were any of his supervisors here, and this is not a district

where plaintiff would have worked but for the alleged discrimination."); *Matthews*

8

*v. Trans World Airlines, Inc.*, 478 F.Supp. 1244, 1246 (D.C.N.Y. 1979) (venue under Title VII in case of flight attendant held proper in New York City because that district would have been flight attendant's ***assigned base city*** and was where he "would have worked.") (emphasis added).

As reasoned in *James v. Booz-Allen & Hamilton*, "the language of [42 U.S.C. § 2000e-5(f)(3)] requires that [venue lies in] '*the* judicial district' in which the plaintiff 'would have worked' had he not been removed from his position. . . . [T]he use of the article 'the' rather than 'a' strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him." *James v. Booz-Allen & Hamilton*, 227 F.Supp.2d 16, 23 (D.D.C. 2002).

In *Harris v. Parsons Brinckerhoff Quade & Douglas, Inc.*, 2006 WL 1892399 (D.Md. 2006), the District Court held that venue under the third prong of 42 U.S.C. § 2000e-5(f)(3) was only proper in Virginia where plaintiff was stationed. The Court rejected plaintiff's argument that venue was proper in Maryland because he often traveled to Maryland for work-related tasks. *Harris*, 2006 WL at *1. In pointing out the flaw in plaintiff's argument, the Court stated that "[Plaintiff's] interpretation would radically expand the venues available to employees pursuing a Title VII claim." *Id.* at *1. "An interpretation that limits venue to the district in which the employee would have been primarily stationed is therefore far more reasonable." *Id.*

In a closely analogous case to the one at hand, *de Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265 (D.N.J. 2001), the District Court held that a pilot based at JFK International Airport in New York City "*would have continued to work from JFK*" under the third prong of Title VII's venue analysis. The Court stated "[a]lthough the Court appreciates that plaintiff is a citizen of New Jersey, this alone does not give him the opportunity to bring a Title VII lawsuit in New Jersey. . . . Plaintiff's Title VII lawsuit can only be brought in limited places, and unfortunately for plaintiff, New Jersey is not one of those." *de Rojas*, 204 F.R.D. at 269. The Court transferred de Rojas' case to the Eastern District of Missouri under 28 U.S.C. § 1406(a), where plaintiff's employment records were maintained and administered at the airline's corporate headquarters (satisfying the second prong of Title VII's venue statute). *Id.* at 269-70.

Thus, even though Plaintiff may have occasionally piloted a Company aircraft into and out of Wisconsin while on assignments by the Company, these limited trips clearly do not establish venue under the third prong of 42 U.S.C. § 2000e-5(f)(3). To hold otherwise would result in Plaintiff being able to file suit in his choice of dozens of states and federal jurisdictions into which he may have flown during his career with Pinnacle. This vast array of venue choices was not the intent of Title VII's venue provision. Plaintiff has no supporting caselaw in making this argument, and thus it is without merit.

**B.**    **Plaintiff's Employment Records Are "Administered and Maintained"**
**by Pinnacle in Memphis, Tennessee for the Purposes of Venue.**

The second prong of available venue under 42 U.S.C. § 2000e-5(f)(3) is the

district where the "official" employment records are "maintained and

administered" -- not where a copy is kept by the employee. *Johnson v. Potter*,

2007 WL 1118403, *2 (N.D.Ill. 2007) (ordering transfer under 28 U.S.C. §

1406(a) to Indiana, finding venue proper there because plaintiff's "official

employment records, labor relations records, and EEOC files are housed in the

Human Resources Department in Indiana."). In *Matthews*, 478 F.Supp. at 1246,

the Court analyzed Title VII venue for a flight attendant who was terminated prior

to completion of training. The Court found that the appropriate venue would be

the district in which the training files were made, indexed, filed, organized and

supplemented by the Company, and where other employment records regarding

the training program and records of other employees were kept. *Matthews* at

1245-46.

As stated in Pinnacle's Memorandum in Support of its Motion to Dismiss,

**all** employment records, documents and corporate policies related to the

allegations in Plaintiff's Complaint were administered and maintained at Pinnacle

headquarters in Memphis, Tennessee. No other documents were administered or

maintained in any other city. The fact that Plaintiff kept a personal copy of his

employment records is irrelevant for venue analysis under 42 U.S.C. § 2000e-

11

5(f)(3). Plaintiff cites no authority for his argument that his "personal copy" of records satisfies the second prong of Title VII venue.

**C.**     <u>**According to Plaintiff's Complaint, All of the Alleged Discriminatory Events Took Place in Memphis, Not Wisconsin.**</u>

Plaintiff in his Reply Brief states that his Letter of Termination was mailed to his home in Wisconsin, arguing this act satisfied the first prong of Title VII's venue statute. However, in the case of *Cox v. National Football League*, 1997 WL 619839 (N.D.Ill. 1997), the District Court held "[i]n determining where the unlawful practice is alleged to have happened, a court 'must look to the place where the decisions and actions concerning the employment practices occurred.'" (citing *Hayes v. RCA Serv. Co.*, 546 F.Supp. 661, 664 (D.D.C. 1982)). In holding that the first prong of venue was satisfied in Illinois, not New York, the Court pointed out that "[t]he acts of imposing the fine and paying the fine by ***mailing Cox's game check to the NFL*** [in New York] was performed by the management of the Chicago Bears ***in Illinois***." *Cox*, 1997 WL at *2. 42 U.S.C. § 2000e-5(f)(3) specifically states that venue will lie "...in the State *in which the unlawful employment practice is alleged to have been committed....*"

Mere **receipt** of a Letter of Termination is not an unlawful employment practice, and Plaintiff has again cited no cases or authority supporting his position. As stated in Pinnacle's previous Memorandum in Support of its Motion to Dismiss, none of the events alleged by Plaintiff to be discriminatory took place in Wisconsin. ***Plaintiff's EEOC charge was even transferred and handled by the***

_**Memphis, Tennessee District Office**_.  Thus, Plaintiff's Complaint should be

dismissed for improper venue, or in the alternative transferred to Memphis,

Tennessee.

**D.      If This Court Declines to Dismiss Plaintiff's Claims, this Matter Should
be Transferred to the Western District of Tennessee, Western Division
(in Memphis, Tennessee) Pursuant to 28 U.S.C. § 1406(a).**

If this Court declines to dismiss the Plaintiff's Claims, 28 U.S.C. § 1406(a)

provides that the Court may transfer a matter to an appropriate venue "in the

interests of justice."  Memphis, Tennessee clearly has the strongest ties to this

matter, and Memphis satisfies all three prongs of Title VII's venue statute.  It is

the location where Plaintiff alleges the discrimination took place, it is where the

relevant employment records are administered and maintained, and it is the

location where Plaintiff received all of his instruction and training.  Detroit was

Plaintiff's home base, but the strong connections to Memphis and the presence of

most employee witnesses and nearly all non-party witnesses clearly favors transfer

to the Western District of Tennessee.

WHEREFORE, PREMISES CONSIDERED, based on the foregoing,

Defendant, Pinnacle Airlines, Inc. would respectfully request that this Honorable

Court Dismiss the pending action without prejudice, or in the alternative, transfer

the matter to the Western District of Tennessee, Western Division, pursuant to 28

U.S.C. § 1406(a), and for such other, further relief to which it is entitled.

13

Dated: April 19, 2007                    PINNACLE AIRLINES, INC.

                                         By:_____/s/ W. Chris Harrison_____
                                         W. Chris Harrison (TN Bar #018689)
                                         PINNACLE AIRLINES, INC. IN
                                         HOUSE COUNSEL
                                         1689 Nonconnah Boulevard, Suite 111
                                         Memphis, Tennessee 38132
                                         (901) 348-4100 (phone)
                                         (901) 348-2493 (fax)
                                         ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

        I hereby certify that on April 19, 2007, I electronically filed the foregoing
paper, along with attached Exhibits and Affidavits, with the Clerk of the Court via
e-mail, along with sending a copy of the same via e-mail and United States Mail,
postage prepaid, to the following:

Mark A. Ringsmuth
51 North Main Street
P.O. Box 348
Deerfield, WI 53531
mark.ringsmuth@aplinringsmuth.com


                                    /s/ W. Chris Harrison
                                    W. Chris Harrison

14

Document Number Case Number
010            06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/09/2007 02:56:07 PM CDT

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

NAZEEH YOUNIS
3328 Forest Run Court
Madison, WI 53704,                      )

                                        )

        Plaintiff,                    )

                                        )

                      )      Civil Action, File Number: 06-C-0763-C

                      )      Case Code: 442: Civil Rights: Employment

                                        )

PINNACLE AIRLINES, INC.                 )
1689 Nonconnah Blvd. Suite 111          )
Memphis, TN 38132,                      )

                                        )

        Defendant.                    )

### UNSWORN DECLARATION
### PURSUANT TO 28 USC §1746(1) UNDER PENALTY OF
### PERJURY OF NAZEEH YOUNIS IN SUPPORT
### OF PLAINTIFF'S RESPONSE TO
### DEFENDANT'S MOTION TO DISMISS

UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES, Nazeeh Younis, does hereby state the following:

1.     I am the plaintiff in this action. I am an adult resident of Dane County, Wisconsin. My primary residence is 1020 North Thompson Road, Madison, WI 53704.

2.     I am making an unsworn declaration pursuant to 28 USC 1745(1) in lieu of an affidavit because at the time I am executing this document I am in the United Arab Emirates seeking employment as a pilot and I do not have access to a notary public.

3.     My wife, Suhair Younis, is an adult resident of Dane County, Wisconsin. My parents, Zaki and Nazha Younis, are adult residents of Dane County, Wisconsin. My parents-in-law, Moufied and Satima Abbou Samra, are adult residents of Dane County, Wisconsin. My wife, parents, and parents-in-law can all testify to material facts regarding my employment with Pinnacle Airlines and damages associated with my wrongful termination.

4.     Pinnacle Airlines is an airline with passenger transport operations through many

cities throughout the United States.

5. I first learned about an employment opportunity with Pinnacle Airlines when I saw a job posting on the internet.

6. I was assigned to the Pinnacle Airlines hub in Detroit, Michigan after I completed a three month training program in Memphis, Tennessee.

7. Since I was assigned to the hub in Detroit, Michigan, but living in Madison, Wisconsin, I was required to travel from the Dane County Regional Airport, located in Madison, Wisconsin to the airport in Detroit, Michigan to pick-up the aircraft that I would pilot. Pinnacle knew that I was living in Madison, Wisconsin.

8. As a pilot with Pinnacle Airlines, I piloted Pinnacle airplanes into and out of the Dane County Regional Airport, located in Madison, Wisconsin.

9. Pinnacle Airlines' operations include flying into and out of Madison, Wisconsin at the Dane County Regional Airport.

10. While employed by Pinnacle Airlines, I would pilot flights out of Detroit to several different cities throughout the country, including Memphis, Tennessee and Minneapolis, Minnesota, and Madison, Wisconsin. **C**

I maintain my copies of the records from my employment with Pinnacle Airlines at my residence in Madison, Wisconsin.

12. I maintain copies of my financial records, including tax records at my residence in Madison, Wisconsin.

13 I was notified that my employment was terminated with Pinnacle by U.S. mail at my address in Madison, Wisconsin.

14. I initially contacted a Wisconsin Equal Rights office to file a complaint. The Wisconsin Equal Rights office did not process my complaint. The charge of discrimination was processed by the Memphis EEOC office.

2

I HEREBY DECLARE, UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES , THAT THE FACTS STATED ABOVE IN THE FOREGOING 14 PARAGRAPHS ARE PERSONALLY KNOWN TO ME, AND THAT THEY ARE TRUE AND CORRECT.

Nazeeh Younis

Dated this ___9th___ day of April, 2007.

3

Document Number Case Number
009                    06-C-0763-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/09/2007 02:56:07 PM CQT

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| **NAZEEH YOUNIS** | ) | |
| 3328 Forest Run Court | ) | |
| Madison, WI 53704, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action, File Number: 06-C-0763-C |
|  | ) | Case Code: 442: Civil Rights: Employment |
|  | ) | |
| **PINNACLE AIRLINES, INC.** | ) | |
| 1689 Nonconnah Blvd. Suite 111 | ) | |
| Memphis, TN 38132, | ) | |
|  | ) | |
| Defendant. | ) | |

---

### RESPONSE BRIEF OF PLAINTIFF NAZEEH YOUNIS
### TO DEFENDANT PINNACLE AIRLINES, INC.'S
### MOTION TO DISMISS FOR IMPROPER VENUE

---

**APLIN & RINGSMUTH, LLC**
Attorneys for the Plaintiff


Mark A. Ringsmuth
Wis. State Bar No. 1027754
Jack Ebbott
Wis. State Bar No. 1055443


APLIN & RINGSMUTH, LLC
51 North Main Street
P.O. Box 348
Deerfield, WI 53531
(608)-764-2907
(608)764-8049 (facsimile)

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

II. FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    A.    Venue is Proper in the Western District of Wisconsin per 42
            U.S.C. § 2000e-5(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    B.    If Venue is Lacking then the Proper Remedy is to Transfer
            Matter to Other Venue, Not Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

i

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

NAZEEH YOUNIS )
3328 Forest Run Court )
Madison, WI 53704, )
           )
               Plaintiff, )
           )
v. )      Civil Action, File Number: 06-C-0763-C
           )      Case Code: 442: Civil Rights: Employment
           )
PINNACLE AIRLINES, INC. )
1689 Nonconnah Blvd. Suite 111 )
Memphis, TN 38132, )
           )
              Defendant. )

## RESPONSE BRIEF OF PLAINTIFF NAZEEH YOUNIS
## TO DEFENDANT PINNACLE AIRLINES, INC.'S
## MOTION TO DISMISS FOR IMPROPER VENUE

NOW COMES THE PLAINTIFF, Nazeeh Younis (hereinafter "Younis") by and through his

attorneys, Aplin & Ringsmuth, LLC, by Mark Ringsmuth and Jack Ebbott, and hereby files its

Response to Defendant's Motion to Dismiss for Improper Venue.

## I. INTRODUCTION

Defendant's Motion to Dismiss should be denied because venue is appropriate in Western

District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3). Nothwithstanding venue being proper in the

Western District of Wisconsin, if the Court determines that venue is not appropriate in the Western

District of Wisconsin then the proper remedy in the interest of justice is to transfer the case to an

appropriate venue, which the plaintiff concedes would also include the Western District of

Tennessee.

## II. FACTS

Defendant Pinnacle was incorporated in the State of Georgia and has a principal place of business in the State of Tennessee. Plaintiff is a resident of the State of Wisconsin and maintains his Wisconsin state residency at 3328 Forest Run Court Madison, WI 53704. Damages based on the allegations alleged by the Plaintiff exceeds $75,000.00. Diversity jurisdiction exists under 28 U.S.C. §1332(a).

Pinnacle Airlines, Inc. is an airline with passenger transport operations throughout the United States. (Younis Dec. ¶ 4.) Both at the time of Pinnacle's discriminatory action involving the plaintiff, as well as currently, Pinnacles's flight operations include flying into and out of Madison, Wisconsin. (Younis Dec. ¶ 9.) At all times pertinent to Younis's employment at Pinnacle Airlines, Inc., Younis was a resident of the State of Wisconsin. (Younis Dec. ¶ 13.)

Younis discovered a job advertisement with Pinnacle when he saw a posting on an employment-related website. (Younis Dec. ¶ 5.) Younis responded to Pinnacle's job advertisement and Pinnacle contacted Younis and notified him that he was selected for a pilot training class with Pinnacle. The pilot training class lasted approximately three months and was held in Memphis, Tennessee. (Younis Dec. ¶ 6.)

After completion of his pilot training in Memphis, Tennessee, Pinnacle Airlines assigned Younis to its hub in Detroit, Michigan. (Younis Dec. ¶ 6.) Younis continued to live in Madison, Wisconsin and Pinnacle Airlines was aware both that Younis was a resident of Madison, Wisconsin and that he intended to remain a resident of Madison, Wisconsin while employed by Pinnacle. (Younis Dec. ¶ 7.) While employed by Pinnacle, a typical work day for Younis would begin at the

-2-

Dane County Regional Airport, located in Madison, Wisconsin. (Younis Dec. ¶ 7.) Younis would travel on a Pinnacle Airlines plane to Detroit, Michigan. Upon arrival at the airport in Detroit, Michigan, Younis would pilot trips to various locations, including, but not limited to: (1) Minneapolis, Minnesota, (2) Madison, Wisconsin, and (3) Memphis, Tennessee. (Younis Dec. ¶ 10.)

After receiving the termination notice from Pinnacle on or about September 13, 2005, Younis initially contacted a Wisconsin EEOC office. (Younis Dec. ¶ 14.) As a pro se complainant, Younis was transferred to the Memphis EEOC office and proceeded with filing his complaint. (Younis Dec. ¶ 14.)

Several material witnesses and records in this matter are located in Madison, Wisconsin. Plaintiff's wife, Suhair, Plaintiff's parents, Zaki and Nazha, and Plaintiff's parents-in-law, Moufied and Satima, all reside in Madison, Wisconsin. (Younis Aff. ¶ 3.) Younis maintains his copies of pertinent employment papers at his residence in Madison, Wisconsin. (Younis Aff. ¶¶ 11, 12.)

## III. ARGUMENT

### A.     Venue is Proper in the Western District of Wisconsin per 42 U.S.C. § 2000e-5(f)(3)

Venue is proper in the Western District of Wisconsin because Younis would have worked for Pinnacle Airlines in the Western District of Wisconsin, but for the discriminatory actions of the defendant. Pinnacle's argument that pursuant to the Title VII venue statute - 42 U.S.C. § 2000e-5(f)(3) venue is only appropriate in Detroit, Michigan or Memphis, Tennessee, but not in the Western District of Wisconsin is misplaced. This provision states in pertinent part:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in

-3-

which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought. 28 U.S.C. § 2000e-5(f)(3).

Younis meets at least two of these requirements. First, since Younis worked in the Western District of Wisconsin while he was employed by Pinnacle Airlines, it is likely that Younis would have continued to work in the Western District of Wisconsin, but for the unlawful employment practice. Dane County Regional Airport is located in Madison, Wisconsin and this is one of the airports where Younis piloted planes for Pinnacle. At all times that Younis was employed by Pinnacle Airlines, it continued to have flight operations out of Dane County Regional Airport, located in Madison, Wisconsin. To date, Pinnacle Airlines continues to have operations out of Dane County Regional Airport. This gives rise to the presumption that if Younis was not wrongfully terminated then he would have continued to pilot Pinnacle planes into and out of the Dane County Regional Airport. This establishes a pattern indicating that Younis would have worked in the Western District of Wisconsin had it not been for Defendant's unlawful employment practices.

Second, even when Younis was not directly flying planes into and out of Dane County Regional Airport, Younis originated all of his flight routes from Madison, which was the location of his residence. Thus, the Western District of Wisconsin was a judicial district where Younis worked and would have expected to return to work, but for his termination from Pinnacle.

Third, one of the discriminatory acts alleged is the wrongful termination, which occurred in Madison, Wisconsin. Younis was notified via United States mail at his Madison, Wisconsin address

that his employment with Pinnacle Airlines, Inc. was terminated. Thus, the wrongful termination occurred in Madison, Wisconsin and therefore, the Western District of Wisconsin is an appropriate venue.

Finally, Younis's employment records which are relevant to Defendant's discriminatory practices are located at Younis's home in Madison, Wisconsin. (Younis Aff. ¶ 11,12.) While Pinnacle may contend that "employment records relevant to such practice" should apply only to employment records maintained by the employer, the statute applies to relevant employment records, and not necessarily only those maintained by the employer. Therefore, since relevant employment records relating to Younis's employment with Pinnacle are also maintained at the Younis home in Madison, Wisconsin then this prong of the venue statute is similarly satisfied.

While Memphis, Tennessee may also be an appropriate venue in this matter, this does not mean that venue is inappropriate in Wisconsin. Detroit, Michigan or Minneapolis, Minnesota might also be appropriate venues, since Younis piloted planes and "worked" in these venues too. Pinnacle's argument that Tennessee is the only proper venue in this case is because its principal place of business is in Memphis, Tennessee and presumably this would be more convenient for it.

However, other than asserting that venue is inappropriate in Wisconsin, Pinnacle has not established why it is in the interest of justice to transfer venue to Tennessee. In fact, in support of its motion to dismiss, Defendant attaches the affidavit of Mary Ann Morrow - Senior Manager, People Standards, Compliance and Compensation for Pinnacle Airlines, who attests that certain documents are maintained and certain personnel work out of Memphis, Tennessee. As Ms. Morrow is a resident of Mississippi (not Tennessee) it would appear that transfer of the case to Memphis will have little benefit to Ms. Morrow. There will undoubtedly be witnesses and evidence that will be

-5-

associated with Pinnacle's operations in Memphis, Tennessee. However, nothing in the affidavit from Morrow provides a basis to conclude that Pinnacle would be unfairly prejudiced by venue in Wisconsin.

**B.    If Venue is Lacking then the Proper Remedy is to Transfer Matter to Other Venue, Not Dismissal**

While Younis maintains that the Western District of Wisconsin is an appropriate venue for this matter, if the Court determine that venue in the Western District of Wisconsin is inappropriate, then the proper remedy is not dismissal of the action, but to transfer the matter to another proper venue in the interests of justice. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, dismissal is most certainly an extreme remedy, and the interests of justice require that any error in venue should be rectified by transferring this action to a different venue and allowing a proceeding on the merits of the claim.

Younis's choice of venue in the Western District of Wisconsin is logical, considering the ties between Younis's employment with Pinnacle, his work for Pinnacle at the Dane County Regional Airport, and his home in Madison, Wisconsin. Pinnacle relies upon <u>Wood v. Santa Barbara Chamber of Commerce, Inc.</u>, 705 F.2D 1515, 1523 (9th Cir. 1983) for the proposition that dismissal rather than transfer is appropriate as a sanction because of the plaintiff's choice of forum. <u>Wood</u> is easily distinguishable from the case at bar since Wood involved a copyright infringement claim (not an employment discrimination claim) and the issue addressed personal jurisdiction over the defendant, not whether venue was appropriate.

The basis for Pinacle's motion to dismiss is that venue in Wisconsin is improper, not that

-6-

transfer to a more appropriate district is appropriate in the interests of justice and for convenience

of the parties or witnesses pursuant to 42 U.S.C. §1404. The fact that Younis is a resident of

Wisconsin and Pinnacle a resident of Georgia with a principal place of business in Tennessee means

that there is no choice of forum that will avoid imposing inconvenience on the parties.

> When plaintiff and defendant are in different states there is no choice of forum that
> will avoid imposing inconvenience; and when the inconvenience of the alternative
> venues is comparable there is no basis for a change of venue; the tie is awarded to
> the plaintiff. *In re: National Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir.
> 2003)(*citing Wyndham Associates v. Bintliff*, 398 F.23d 614, 620-21 (2d Cir. 1968).

The Plaintiff recognizes that there will be some inconvenience to the Defendant if the case is venued

in the Western District of Wisconsin instead of Tennessee. However, the contentions that suit was

filed in Wisconsin "simply to forum shop, gain an advantage, or unfairly burden the Defendant with

litigating the case" are without merit. Furthermore, Pinnacle does not expressly explain how it will

be "unfairly burdened" by litigating the case in Wisconsin or how Younis gained an "advantage."

Finally, there is no evidence from Pinnacle showing that transfer to Tennessee will be in the interests

of the parties or witnesses.

Here, it is noteworthy that neither Pinnacle's Brief in Support of its Motion to Dismiss, nor

the affidavit filed in support thereof contain any explanation of why a change of venue is necessary

due to convenience of witnesses or how, if at all, Pinnacle will be unfairly burdened by litigating

in Wisconsin versus Tennessee. Pinnacle supports its motion for dismissal with the affidavit of a

Mississipi resident (*Morrow* Aff'd), which references two witnesses Terry Medford and Tommy

Palmer working in the Memphis hub. (*Morrow* Aff'd, ¶3). However, there is no indication that

Terry Harvel, Jonathan Harvey, Dan Kelley, Dan Hesselius, Scott Mitchell, or Mitchell Methiney,

who are all fact witnesses identified in plaintiff's complaint would be inconvenienced by venue in

Wisconsin. Given the nature of Pinnacle's business, interstate travel is much more easily born by Pinnacle and its witnesses than by Younis, who has not been re-employed since he was terminated from Pinnacle. Additionally, there is no evidence submitted by Pinnacle regarding the extent of inconvenience, if any, associated with hearing the case in the Western District of Wisconsin. In light of the appropriateness of venue in Wisconsin, and the lack of evidence establishing a greater inconvenience to Pinnacle, there is no basis for a change of venue and the case should remain venued in the Western District of Wisconsin. Clearly, under these circumstances dismissal is not the appropriate remedy.

The action brought by Younis against Pinnacle is meritorious, and is one in which a dismissal would not be warranted or in the interest of justice. While venue is appropriate in the Western District of Wisconsin, if the Court disagrees and determines that venue is not appropriate, then transfer, not dismissal is appropriate in the interests of justice. Courts have routinely transferred cases to other jurisdictions if a plaintiff fails to carry his burden to demonstrate proper venue. *See e.g., James v. Booz-Allen & Hamilton, Inc.*, 227 F.Supp.2d 16, 25 (D. D.C. 2002).

## IV. CONCLUSION

The Western District of Wisconsin has venue over this matter because the Western District of Wisconsin is a proper venue under the Title VII venue statute - 28 U.S.C. § 2000e - 5(f)(3). The employment relationship was formed when Younis was notified of his selection for a training class; he worked out of Madison, Wisconsin, both flying into and out of Madison, Wisconsin; and finally, he received his notice of termination at his residence in Madison, Wisconsin.

In the alternative to finding venue in the Western District of Wisconsin, this matter

should be transferred to a proper venue in the interests of justice.

WHEREFORE, the plaintiff, Nazeeh Younis, respectfully requests that Defendant's

Motion to Dismiss be denied.


Respectfully Submitted,

Dated this _____ day of April, 2007


**APLIN & RINGSMUTH, LLC**
Attorneys for the Plaintiff

/s/

_____
Mark A. Ringsmuth
State Bar No. 1027754
Jack Ebbott
State Bar No. 1055443


APLIN & RINGSMUTH, LLC
51 North Main Street
P.O. Box 348
Deerfield, WI 53531
(608)-764-2907
(608)764-8049 (facsimile)

-9-

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2007, I served via electronic mail and first class mail postage prepaid via U.S. Postal Service, a copy of the attached Response to the Defendant's Motion to Dismiss and the Unsworn Statement of Nazeeh Younis upon the following parties:

W. Chris Harrison
CHarrison@nwairlink.com
Director, Legal Affairs
Labor Relations/Legal Dept.
Pinnacle Airlines, Inc.
1689 Nonconnah Blvd.
Memphis, TN 38132

Dated this ____ day of April, 2007

**APLIN & RINGSMUTH, LLC**
Attorneys for the Plaintiff

/s/
_____

Mark A. Ringsmuth
State Bar No. 1027754